# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL L. COX,<br><br>                    Petitioner,<br><br>        v.<br><br>SAN QUENTIN WARDEN, et al.,<br><br>                    Respondents. | 1:10-cv-01590-JLT HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR LACK OF EXHAUSTION (Doc. 1)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS<br><br>ORDER DIRECTING THE CLERK OF THE COURT TO ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS CASE |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The instant petition was filed on May 27, 2010. (Doc. 1). In the petition, Petitioner challenges his February 11, 2010 parole revocation for battery on a spouse, making terrorist threats, kidnaping, and resisting arrest. (Id., p. 2). Petitioner raises the following claims: (1) the Board of Parole Hearings ("BPH") violated his constitutional rights by failing to follow state law in processing his lawyer's attempted appeal of the parole revocation; (2) ineffective assistance of counsel in failing to properly prepare for the hearing; (3) ineffective assistance of counsel in failing to object to certain evidence and cross-examine certain witnesses, and failure to request the "separation" of witness Wright; (4) denial by hearing officer of Petitioner's right to cross-examine and confront witnesses; (5) errors in admitting evidence; (6) errors in the summary of

parole adjustments relied upon by the hearing officer; and (7) forms relied upon and utilized at the hearing were "wrong, false, and misleading." (Id., pp. 3-14).

After a preliminary review of the petition revealed that some or all of Petitioner's claims were unexhausted, the Court, on September 24, 2010, issued to Petitioner an Order to Show Cause why the petition should not be dismissed for lack of exhaustion. (Doc. 8). The Order to Show Cause afforded Petitioner thirty days within which to file a response. To date, Petitioner has not filed a response to that Order to Show Cause.

     A. Preliminary Review of Petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). Here, the Court has already solicited a response from Petitioner in the September 24, 2010 Order to Show Cause. Petitioner has chosen not to respond to the Court's order. Therefore, the Court will proceed to address the exhaustion issue without further input from Petitioner.

     B. Exhaustion.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971);

Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000).  Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In this case, the space on the form petition designated for indicating a petitioner's efforts at presenting his claims to the highest state court was left blank in this petition. (Doc. 1, p. 15). The petition is devoid of any allegation that Petitioner has presented any of his claims to the California Supreme Court.  Petitioner does argue that California inmates no longer have to

exhaust their administrative remedies; however, even if true, that fact does not relieve a petitioner of the need to exhaust his remedies in the state courts. 28 U.S.C. § 2254(b)(1). Given the chronology set forth in the petition, i.e., that Petitioner's efforts at pursuing his administrative remedies continued until at least April 11, 2010 and the instant petition was filed on May 27, 2010, it seems not merely unlikely, but virtually impossible, that between those two dates Petitioner was successful in presenting his claims to the California Supreme Court.

Moreover, as mentioned above, the Court afforded Petitioner an opportunity to respond to the Court's concerns about the apparent lack of exhaustion by filing a response to the Order to Show Cause. Petitioner has chosen not to file a response. The Court views this as an implicit confirmation of what is already apparent, i.e., that the issues in the instant petition are not exhausted.

The Court must dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims. Rose, 455 U.S. at 521-22, 102 S.Ct. at 1205; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997) (en banc) *cert. denied*, 118 S.Ct. 265 (1997). More importantly, the Court cannot consider a petition, such as the instant petition, that is entirely unexhausted. Rose, 455 U.S. at 521-22; Calderon, 107 F.3d at 760.

**ORDER**

Accordingly, the Court HEREBY ORDERS:

1. The Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS as follows:

1. That the petition for writ of habeas corpus (Doc. 1), be DISMISSED for lack of exhaustion.

This Findings and Recommendations is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy of this Findings and Recommendations,

1  any party may file written objections with the Court and serve a copy on all parties.  Such a
2  document should be captioned "Objections to Magistrate Judge's Findings and
3  Recommendations."  Replies to the Objections shall be served and filed within ten (10) <u>court</u>
4  days (plus three days if served by mail) after service of the Objections.  The Court will then
5  review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are
6  advised that failure to file objections within the specified time may waive the right to appeal the
7  Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 3, 2010**                              **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE